UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| DAVID W. SCONCE,<br><br>       Petitioner,<br><br>v.<br><br>DANIEL PARAMO, WARDEN, et al.,<br><br>       Respondents. | No. 5:15-CV-262-HRW-HAI<br><br>RECOMMENDED DISPOSITION[1] |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On September 4, 2015, pro se Petitioner David W. Sconce filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. D.E. 1. After reviewing the petition, it appears that the judgment of conviction that is being challenged was entered by Superior Court of California in Los Angeles County, California. *Id.* Moreover, Petitioner has a pending state petition for a writ of habeas corpus in the same court. D.E. 1-1 at 1.

By statute, a writ of habeas corpus "may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Additionally, the statute allows for the transfer of a habeas petition to the appropriate district court of jurisdiction if a petitioner files the petition in the wrong jurisdiction. 28 U.S.C. § 2241(b). The statute further provides that an application made by a person in custody under the judgment and sentence of a state court "may be filed in the district court for the district wherein such person is in custody or in the district

---

[1] The Court issues this Recommended Disposition in recognition of the dispute over whether venue transfers are dispositive. *Compare Payton v. Saginaw County Jail*, 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010) (finding that an order transferring venue "is the functional equivalent of a dismissal of the case…in that forum"), *with Siteworks Solutions, LLC v. Oracle Corp.*, No. 08-2130-A/P, 2008 WL 4414075 (W.D. Tenn. Sept. 22, 2008) (stating that a motion to transfer under 28 U.S.C. § 1404(a) is a non-dispositive pretrial matter).

court for the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d).

Here, the Superior Court of California in Los Angeles County, California, located in the Central District of California, entered the judgment at issue. Thus, per the statute, this matter was filed in the Lexington Division of the Eastern District of Kentucky in error. Therefore, the Court **RECOMMENDS** that the District Judge **TRANSFER** this case in its entirety to the Central District of California, for further consideration.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this the recommendation above, issued under subsection (B) of the statute. *See also* Rule 8(b), Rule Governing Section 2254 Cases. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 14th day of September, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge