UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID W. SCONCE, | ) | Case No. CV 15-7744 ODW(JC) |
| | ) | |
| Petitioner, | ) | ORDER (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE; AND (2) DIRECTING CLERK TO FILE PETITION AS MOTION TO AMEND/ SUPPLEMENT OPERATIVE FIRST AMENDED PETITION IN CASE NO. 14-2447 ODW(JC) |
| v. | ) | |
| | ) | |
| DANIEL PARAMO, et al., | ) | |
| Respondents. | ) | |
| _____ | ) | |

On September 4, 2015, petitioner David W. Sconce ("petitioner"), a state inmate who is proceeding *pro se*, filed in the United States District Court for the Eastern District of Kentucky a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). (Docket No. 1). The matter was subsequently transferred to this Court and filed in the instant action ("Second Federal Action"). (Docket No. 3). Although not a model of clarity, the instant Petition appears to challenge a May 6, 2013 probation violation sentence of 25 years-to-life imposed in Los Angeles County Superior Court Case No. A578478 ("State Case") on the ground that the Los Angeles County Superior Court was without jurisdiction because supervision over petitioner's probation in the State Case had been transferred to Montana. However, petitioner already has pending a previously initiated action in

which the operative First Amended Petition challenges the same judgment in the State Case, namely <u>David W. Sconce v. State of California</u>, No. CV 14-2447 ODW(JC) ("First Federal Action"). In the First Federal Action petitioner claims that the probation violation sentence in the State Case violates the Due Process Clause of the United States Constitution and a 1989 plea agreement made specifically enforceable by the Ninth Circuit in <u>Sconce v. Garcetti</u>, 96 F.3d 1451 (9th Cir. 1996) (unpublished decision reversing district court decision and remanding for issuance of writ of habeas corpus to specifically enforce the terms of the 1989 plea agreement).

In cases in which a federal habeas petitioner already has pending a federal habeas petition pertaining to the same state court judgment in the same court, dismissal is appropriate because the maintenance of a duplicative action serves no legitimate purpose. See <u>Heidinger v. Yates</u>, 2007 WL 1711776 (N.D. Cal. June 13, 2007) (dismissing habeas petition because petitioner already had habeas petition pertaining to same state court conviction pending in same court); <u>Smith v. Louisiana</u>, 2006 WL 1985467 (E.D. La. June 7, 2006) (even if construed as habeas petition, filing challenging convictions should be dismissed as duplicative since petitioner already has pending in same court a habeas petition involving same convictions). If petitioner is entitled to any habeas relief relative to the probation violation judgment in the State Case, the Court can afford such relief in the First Federal Action. Therefore, maintenance of the present, apparently duplicative action would serve no legitimate purpose.

Nonetheless, in accordance with governing Ninth Circuit authority, the Court construes the Petition to be a Motion to Amend/Supplement the operative First Amended Petition in the First Federal Action and directs that it be filed as such in the First Federal Action. See <u>Woods v. Carey</u>, 525 F.3d 886, 888-890 (9th Cir. 2008) (if prior habeas petition still pending when subsequent habeas petition filed, court should construe subsequent petition as motion to amend first habeas petition).

1       IT IS THEREFORE ORDERED:  (1) the instant Petition and the instant Second Federal Action are dismissed without prejudice; (2) the Clerk shall file the Petition as a Motion to Amend/Supplement the operative First Amended Petition in the First Federal Action; and (3) Judgment shall be entered accordingly in the instant Second Federal Action.

DATED:  September 30, 2016

                                  _____
                                  HONORABLE OTIS D. WRIGHT, II
                                  UNITED STATES DISTRICT JUDGE